**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

JUN 2 2 2026

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| MYEASHA THIBODEAUX, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| CITY OF LA MARQUE, TEXAS, | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Myeasha Thibodeaux ("Plaintiff"), appearing pro se, files this Original Complaint against Defendant City of La Marque, Texas ("Defendant" or "the City"), and in support states as follows:

### I. NATURE OF THE ACTION

1. This is an action for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Plaintiff alleges that the City discriminated against her on the basis of race and sex, subjected her to a hostile work environment, and retaliated against her for reporting harassment, culminating in her unlawful termination on November 25, 2024.

### II. JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 2000e-5(f)(3), because this action arises under Title VII of the Civil Rights Act of 1964.

3. Venue is proper in this District under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because the unlawful employment practices alleged occurred in La Marque, Galveston County, Texas, which lies within the Houston Division of the Southern District of Texas, and because Defendant resides in this District.

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff timely filed a Charge of Discrimination against the City with the Equal Employment Opportunity Commission ("EEOC"), assigned Charge No. 460-2025-01600, alleging race discrimination, sex discrimination, and retaliation.

5. The EEOC issued a Determination and Notice of Right to Sue dated March 25, 2026, and a subsequent Dismissal and Notice of Rights transmitted under cover letter dated May 6, 2026. A copy is attached as Exhibit A.

**6.** Plaintiff files this Complaint within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue. All conditions precedent to the filing of this lawsuit have been satisfied.

## IV. PARTIES

**7.** Plaintiff Myeasha Thibodeaux is an individual residing in Flint, Genesee County, Michigan. At all relevant times she was an employee of the City within the meaning of Title VII.

**8.** Defendant City of La Marque, Texas is a municipal government located in Galveston County, Texas, and is an employer within the meaning of Title VII. Defendant may be served through its Mayor, City Manager, or City Secretary at 1111 Bayou Road, La Marque, Texas 77568, or as otherwise permitted by law.

## V. FACTUAL ALLEGATIONS

**9.** Plaintiff, a Black woman, was hired by the City as a Project Coordinator in the Public Works Department effective September 4, 2024, at an hourly rate of $23.07.

**10.** Early in her employment, then-HR Manager Aaron Hoosier singled Plaintiff out regarding her workplace attire, despite Plaintiff being dressed appropriately and despite other, non-Black female employees wearing comparable or more casual clothing without criticism. Plaintiff was held to a different standard than her white coworkers.

**11.** Mr. Hoosier engaged in conduct directed at Plaintiff because of her race and sex, including mocking her by imitating what he characterized as a "Black girl's voice," and spreading false and humiliating rumors about her, including that she was homeless, that her boyfriend had thrown away her clothing, and that she had worn the same clothing for multiple days. This conduct caused other employees to question Plaintiff about her clothing and her body.

**12.** The harassment was not kept confidential and became known among City employees, including individuals Plaintiff had never met and staff at the Wastewater Treatment Plant, compounding Plaintiff's humiliation.

**13.** The City assigned Plaintiff to work from the Wastewater Treatment Plant, where she was the only woman. Contrary to the City's representations, there was a single operational restroom containing a urinal, which Plaintiff was required to share with male staff. This subjected Plaintiff to disadvantageous terms and conditions of employment because of her sex.

**14.** Plaintiff reported Mr. Hoosier's harassment internally. She first reported to a coworker identified as Gina, who directed her to Christine Turner, and Plaintiff later had a sit-down meeting with Deputy City Manager Joshua Pritchett concerning the conduct. Plaintiff's reports constituted protected activity under Title VII.

**15.** Following her complaints, the City transferred Plaintiff and subsequently terminated her employment on November 25, 2024.

**16.** The City asserts that Plaintiff was terminated for falsifying timesheets and "theft of time." This stated reason is false and pretextual.

**17.** Plaintiff was the only employee required to submit her time manually because her access badge was not functioning. Any discrepancies in her time records were clerical in nature, such as hours entered on the wrong day, and were corrected with the assistance of Human Resources.

**18.** The City's own records contradict its claim that Plaintiff performed no work on November 14, 2024. On that date, Plaintiff participated in a Microsoft Teams call regarding "La Marque GLO Project Updates" beginning at approximately 9:04 a.m.; participated in a Microsoft Teams call regarding the "La Marque TDA Progress Meeting" at approximately 9:34 a.m.; emailed detailed "Saltgrass Park Meeting Notes" to a City contact and to City Manager Cesar Garcia; forwarded a HUD FY2024 Community Project Funding grant award package at approximately 4:52 p.m.; and emailed City Manager Cesar Garcia a grant agreement at approximately 5:10 p.m. — well after the time the City contends she had left for the day.

**19.** Plaintiff's personal device also served as her work phone pursuant to an arrangement made at hire, and she remained in regular work communication with Public Works Director Rick Sailler, including a call on November 7, 2024.

**20.** Plaintiff was terminated on the same day her access badge was repaired and her ability to clock in was restored. Had timesheet accuracy been the genuine reason for the termination, the City would not have terminated Plaintiff on the very day the underlying issue was resolved.

**21.** The temporal proximity between Plaintiff's protected complaints and the adverse actions, together with the City's shifting and unsupported justification, demonstrates that the City's stated reason is a pretext for discrimination and retaliation.

## VI. CLAIMS FOR RELIEF

### COUNT ONE — RACE DISCRIMINATION (Title VII)

**22.** Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

**23.** Plaintiff is a member of a protected class. The City subjected Plaintiff to adverse treatment, including disparate enforcement of workplace standards and termination, because of her race, in violation of 42 U.S.C. § 2000e-2(a).

### COUNT TWO — HOSTILE WORK ENVIRONMENT (Title VII)

**24.** Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

**25.** Plaintiff was subjected to unwelcome harassment based on her race and sex that was sufficiently severe or pervasive to alter the terms and conditions of her employment and create an abusive working environment, in violation of 42 U.S.C. § 2000e-2(a). The City knew or should have known of the harassment and failed to take adequate corrective action.

### COUNT THREE — SEX DISCRIMINATION (Title VII)

**26.** Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

**27.** The City subjected Plaintiff to adverse and disadvantageous terms and conditions of employment because of her sex, including her isolation and restroom conditions at the Wastewater Treatment Plant and her termination, in violation of 42 U.S.C. § 2000e-2(a).

### COUNT FOUR — RETALIATION (Title VII)

**28.** Plaintiff incorporates paragraphs 1 through 21 as if fully set forth herein.

**29.** Plaintiff engaged in protected activity by reporting harassment based on race and sex. The City thereafter took materially adverse actions against her, including transfer and termination. A causal connection exists between Plaintiff's protected activity and the adverse actions, in violation of 42 U.S.C. § 2000e-3(a).

### VII. JURY DEMAND

**30.** Plaintiff demands a trial by jury on all issues so triable.

### VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award the following relief:

**a.** Back pay, with prejudgment interest, for wages and benefits lost as a result of Defendant's unlawful conduct;

**b.** Compensatory damages for emotional pain, suffering, humiliation, inconvenience, mental anguish, and loss of enjoyment of life, in an amount to be determined at trial, subject to applicable statutory limits;

**c.** Costs of suit;

**d.** Post-judgment interest as allowed by law; and

**e.** Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

Myeasha Thibodeaux
Plaintiff, Pro Se
5910 Baldwin Blvd

Flint, MI 48505
810-228-0714
Mthibodeaux995@gmail.com

Dated: __6/22__, 2026